```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON

SHIELA M. WILLCUTT,           )
                              )   No. CV-08-3058-CI
          Plaintiff,          )
                              )   ORDER GRANTING PLAINTIFF'S
v.                            )   MOTION FOR SUMMARY JUDGMENT
                              )   AND DENYING DEFENDANT'S
MICHAEL J. ASTRUE, Commissioner)  MOTION FOR SUMMARY JUDGMENT
of Social Security,           )
                              )
          Defendant.          )
                              )
```

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 27, 30.) Attorney D. James Tree represents Shiela Willcutt (Plaintiff); Special Assistant United States Attorney Terrye E. Shea represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment, and **REMANDS** the matter to the Commissioner for calculation and immediate award of benefits.

**JURISDICTION**

Plaintiff filed her third claim for Supplemental Security Income (SSI) on October 29, 2003. (Tr. 213-16.) She alleged disability due to asthma, depression, neck and back surgery, diabetes, high blood pressure, high cholesterol, and carpal tunnel

syndrome, with an alleged onset date of May 2002. (Tr. 271, 318.) In February 2006, she amended her alleged onset date to October 26, 2004, when she could not longer work due to pain. (Tr. 240.) Her claim was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on December 14, 2005, before ALJ Mary Bennett Reed. (Tr. 721-57.) Plaintiff, who was represented by counsel, and vocational expert Deborah Lapoint (VE) testified. The ALJ denied benefits on January 26, 2007, and the Appeals Council denied review. (Tr. 21-28, 9-11.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. At the time of the hearing, Plaintiff was 38 years old, unmarried, and had three of her young children living with her. (Tr. 726, 740.) She had a tenth grade education and vocational training. (Tr. 277.) She had had five surgeries since 2000: a cervical fusion, two lumbar procedures, and bilateral carpal tunnel procedures. (Tr. 327, 334, 353, 359, 730.) She stated she used a nebulizer and took numerous medications. (Tr. 731 .) Plaintiff testified she had past work experience as a food server, prep cook, deli worker, house cleaner, laundry worker, dry cleaning attendant, kitchen helper, and cashier/checker. (Tr. 750.) She reported she could not work at the laundry because of her asthma, and she had to quit her last job as a house cleaner due to pain and an inability to stay on her feet. (Tr. 735, 739.)

**ADMINISTRATIVE DECISION**

The ALJ declined to reopen Plaintiff's prior SSI applications. (Tr. 21.) At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the October 26, 2004, the amended alleged onset date. (Tr. 23.) At step two, she found Plaintiff had severe impairments of "degenerative changes of the lumbar and cervical spine post surgeries, diabetes, hepatitis C, restrictive airway disease and obesity." (*Id.*) She found non-severe impairments of bilateral carpal tunnel syndrome status post release; hepatitis C; and mental impairments. (Tr. 25.) At step three, the ALJ found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (*Id.*) She found Plaintiff's statements regarding her symptoms and limitations were "not credible to the extent that they would preclude the wide range of light work described" in the ALJ's decision. (Tr. 26.) At step four, she determined Plaintiff had the residual functional capacity (RFC) to do light exertional work with "no more than occasional climbing of ladders and ropes or scaffolds or more than occasional stooping or crouching." The RFC also restricted Plaintiff to work that "would not involve concentrated exposure to dust, fumes, odors or other respiratory inhalants." (Tr. 25.) Based in part on this RFC and VE testimony, the ALJ found Plaintiff was able to perform her past relevant work as a short order cook, a cashier/checker and as a housekeeper. (Tr. 27.) The ALJ concluded Plaintiff was not under a "disability" as defined by the Social Security Act at any

time since the date of the amended alleged onset date.  (Tr. 28.)

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D).  A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only

unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

ALJ erred when she improperly rejected Plaintiff's testimony and improperly rejected her treating physician's medical opinions. (Ct. Rec. 28 at 10.)

## DISCUSSION

**A.  Credibility**

When the ALJ finds a claimant's statements as to the severity of impairments, pain and limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc).  It is well-settled, however, that an ALJ cannot be required to believe every allegation of disabling pain, even when medical evidence exists that a claimant's condition may produce pain.  "Many medical conditions produce pain not severe enough to preclude gainful employment."  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).  Although an adjudicator may not reject a claimant's extreme symptom complaints solely on a lack of objective medical evidence, medical evidence is a relevant factor to consider. *Social Security Ruling* (*SSR*) 96-7p.

If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations regarding the severity of symptoms.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  The ALJ engages in a two-step analysis in deciding whether to admit a claimant's subjective symptom testimony.  *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d

1273, 1281 (9th Cir. 1996). Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or combination of impairments, could reasonably be expected to cause "some degree of the symptom." *Lingenfelter*, 504 F.3d at 1036. Once the first test is met, the ALJ must evaluate the credibility of the claimant and make specific findings supported by "clear and convincing" reasons. *Id.* In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness; inconsistencies either in her allegations of limitations or between her statements and conduct; daily activities and work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d at 597 n.5.

The ALJ may also consider an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). As explained by the Commissioner in his policy ruling, the ALJ need not totally reject a claimant's statements; he may find the claimant's statements about pain to be credible to a certain degree, but discount statements based on his interpretation of evidence in the record as a whole. *SSR* 96-7p. "For example, an adjudicator may find credible an individual's statement as to the extent of the functional limitations or restrictions due to symptoms; *i.e.*, that the individual's abilities to lift and carry

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

are compromised, but not to the degree alleged." *Id*. If the ALJ's credibility finding is supported by substantial evidence in the record, "the court may not engage in second-guessing." *Thomas*, 278 F.3d at 959; *Fair*, 885 F.2d at 604 ("credibility determinations are the province of the ALJ"). In any case, "once the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of [disabling symptoms]." *Bunnell*, 947 F.2d at 345.

Here, there is no evidence of malingering. In her brief credibility findings, the ALJ noted Plaintiff's allegation of inability to lift a gallon of milk, unsuccessful carpal tunnel releases, pain in her legs and the need to lie down after 10 minutes of activity, concentration deficits and low energy. (Tr. 26.) She found Plaintiff's impairments could reasonably cause the alleged symptoms, but held Plaintiff's allegations were not entirely credible "to the extent they would preclude the wide range of light work" described in the ALJ's RFC.

In support of this finding, the ALJ found Plaintiff's treatment history inconsistent with "disability." This reason is not supported by the record. Plaintiff had three invasive surgeries on her back since 2000 due to severe degenerative disc disease in her neck and back. (Tr. 327-29, 352.) Since 2000, she also has had bilateral carpal tunnel releases, ongoing treatment for chronic respiratory infections (including numerous emergency room visits with acute bronchitis or asthma symptoms and wrist pain); ongoing

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 8

treatment for asthma with prednisone and a significant number of other prescription medication. (Tr. 327-36, 332, 360, 391-492, 634-44.) The ALJ's finding that a lack of adjustment or changes in her medication is not supported by the evidence, and is not a "clear and convincing" reason to discount credibility. (*See, e.g.,* Tr. 468, 631, 658-60.)

The ALJ also cited Plaintiff's "consistent failure" to stop heavy cigarette smoking as a reason to impugn her credibility. (Tr. 26.) However, the record indicates Plaintiff made ongoing efforts to stop smoking, and at the time of the hearing, had been smoke-free for about a year and a half, with one relapse during a bout of depression. (Tr. 634, 638, 660, 732.) Given the addictive nature of cigarettes, Plaintiff's repeated attempts to quit, and relative success at the time of the hearing, this reason is not sufficiently "clear and convincing" to reject credibility. *See, e.g., Bray v. Commissioner of Social Security Admin.,* 554 F.3d 1219, 1227 (9th Cir. 2009).

Likewise, linking Plaintiff's unsuccessful efforts to lose weight as evidence of a lack of motivation to work is too tenuous to discredit Plaintiff's complaints of pain and fatigue in light of the multiple surgeries and medication regime required to control her diabetes, asthma and back pain. (Tr. 26, 731, 733);[1] *Orn v. Astrue,*

---

[1] It is noted on review that the ALJ did not specifically reject Plaintiff's testimony that her medication made her sleepy and dizzy and affected her ability to concentrate. (Tr. 731, 733.) The record shows that in July 2006, Plaintiff was taking at least twelve prescriptions regularly for her impairments. (Tr. 658-59; *see also*

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 9

495 F.3d 625, 638 (9th Cir. 2007) (*citing* SSR 02-1p at 9.)  Dr. Forster's treatment notes indicate Plaintiff was trying to lose weight and it was difficult for her. (*See, e.g.,* Tr. 638, 719.) By the time of the hearing, she had lost 30 pounds. (Tr. 742.) Importantly, the Ninth Circuit has instructed, "[t]he failure to follow treatment for obesity tells us little or nothing about a claimant's credibility." *Orn*, 495 F.3d at 638 (*citing SSR* 02-1p at 9.)  Plaintiff's inability to lose weight is not a reason to conclude her allegations of pain and symptoms are not credible. (*Id.*)

    Finally, the ALJ finding that Plaintiff's "activities do not support her claims of disabling musculoskeletal pain is not specific, or "clear and convincing." (Tr. 26.) The ALJ supports this finding by reference to Plaintiff's ability "to work 12 hour days as late as March of 2003." This reason is misleading. Indeed, the ALJ appears to disregard her own observation at the hearing that this job was not on the earnings report. (Tr. 736.) As Plaintiff explained, she only worked at that job for two days; thus, a two day effort to work is not a daily activity that would discredit

---

Tr. 634, 642-43.) In addition, she was prescribed prednisone by her treating physician and emergency room physicians throughout the record as treatment for her respiratory problems. (*See, e.g.,* Tr. 422, 427, 603 659.)  The ALJ did not seek additional evidence from Plaintiff's medical providers or a medical expert regarding the side effects of Plaintiff's extensive medication regime on her energy level and her ability to concentrate. The ALJ neither rejected these subjective symptoms, nor included them in her final RFC.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

Plaintiff's allegations of disabling symptoms. The ALJ also found Plaintiff's report in March 2005 that "she was able to carry 2 toddlers throughout the day," was a basis to discount Plaintiff's credibility. (Tr. 26.) However, the record shows that this was a one time notation by emergency room personnel when Plaintiff was being treated for wrist pain. (Tr. 615.) The note explains that although the cause of wrist pain and swelling was not known, Plaintiff "has two toddlers she has to carry" throughout the day. (*Id*.) As the hearing testimony indicates, it is not conclusive that Plaintiff actually stated she carried two toddlers throughout the day. (Tr. 741.) This out of context reference is not "clear and convincing" evidence of a daily activity sufficient to impugn credibility. *Reddick*, 157 F.3d at 722.

The ALJ's credibility findings are not "clear and convincing" and, as discussed above, medical evidence alone is not sufficient to reject credibility. *Bunnell*, 947 F.2d at 345. Therefore, the ALJ's credibility determination is not supported by substantial evidence and is based on legal error. No other evidence was identified as a basis for an adverse credibility finding; therefore, Plaintiff's improperly rejected complaints are credited as true. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1202 (9th Cir. 1990).

**B.   Step Four**

At step four, the Commissioner makes RFC findings, and determines if a claimant can perform past relevant work. In determining functional abilities, the ALJ must evaluate medical opinions, as well as the claimant's testimony. Although the burden

of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support a conclusion. *SSR* 82-62.  This is done by looking at the "residual functional capacity and the physical and mental demands" of the claimant's past relevant work.  20 C.F.R. § 416.920 (a)(4)(iv).  Past relevant work is work performed in the last 15 years, lasted long enough to learn it and was substantial gainful employment. *SSR* 82-61. In finding that an individual has the capacity to perform a past relevant job, the decision must contain among the findings the following specific findings of fact:

 1. A finding of fact as to the individual's residual functional capacity;

 2. A finding of fact as to the physical and mental demands of the past job/occupation; and

 3. A finding of fact that the individual's residual functional capacity would permit a return to his or her past job or occupation.  *SSR* 82-62.

These findings must be based on the evidence in the record and must be developed and fully explained in the disability decision. Further, the effects of severe as well as non-severe impairments must be considered by the ALJ at step four.  20 C.F.R. § 416.945(a)(2).  The failure to do so is legal error requiring remand.  *See Lester*, 81 F.3d at 830.

Here, the ALJ's RFC determination does not discuss or include limitations caused by Plaintiff's diagnosed post-traumatic stress disorder (Tr. 649), or depression which was being treated with anti-depressants (for smoking cessation as well as depression) during the

period at issue. (Tr. 642-43, 658.) The ALJ found Plaintiff's mental impairments were not severe, based the mental health counselor's psychological assessment completed in July 2004, and which documented Plaintiff's history of trauma and psychological problems, including observed symptoms of post-traumatic stress disorder. (Tr. 25, 645-49.) This evidence is consistent with Plaintiff's unrejected complaints of low energy and emotional distress. The effects of severe and non-severe impairments should have been considered by the ALJ throughout the sequential evaluation process. The ALJ's exclusion of all mental impairments and symptoms throughout the sequential evaluation is legal error. 20 C.F.R. §§ 416.926(a)(c), 416.945(a)(3).

In addition, because Plaintiff's testimony regarding mental impairments was not properly rejected, her testimony is credited as true, and symptoms should have been included in the RFC and hypothetical question at step four. The hypothetical question posed to the VE during the hearing was, therefore, deficient, and the VE testimony relied upon is not substantial evidence to support the ALJ's step four findings. *Magallanes v. Bowen,* 881 F.2d 747, 756 (9th Cir. 1989) (*citing Embrey v. Bowen,* 849 F.2d 418, 422 (9th Cir. 1988)).

It is also noted that in determining Plaintiff's RFC, the ALJ gave the state agency assessment "great weight." (Tr. 27.) However, this assessment was completed on May 11, 2004, prior to the amended onset date. (Tr. 519-26.) In addition, it is unclear on what the non-examining agency physicians based their assessment. (Tr. 520.) The ALJ also relied on a one-page letter, dated April

26, 2005, from examining neurosurgeon Leslie Bornfleth, M.D. (Tr. 626.) Dr. Bornfleth opined Plaintiff was capable of light to medium work after conducting a brief exam and review of imaging reports dated April 4, 2005. (Tr. 626-30.)

In giving weight to these non-treating physician opinions, the ALJ rejected the opinions of Charles Forster, M.D., Plaintiff's treating physician. It is well-settled that contradicted treating physician opinions cannot be rejected without "specific and legitimate" reasons. *Lester*, 81 F.3d at 830. In November 2005, Plaintiff saw Dr. Forster complaining of acute back and neck pain after coughing (due to an acute asthma attack) and a "pop" in her back. (Tr. 638.) Dr. Forster examined and noted Plaintiff's back problems in November 2005, and he indicated additional objective tests were needed for review. (Tr. 637.) He also completed a report in which he opined she was unable to work full-time, she would likely miss work four times a month, and her condition had existed since 2000.[2] (Tr. 639-43.) The record also indicates there was an attempt to order new imaging, but the request for a MRI was denied on November 30, 2005, by her insurance carrier. (Tr. 644.)

Dr. Bornfleth's conclusory and brief opinion of Plaintiff's

---

[2] Evidence received and considered by the Appeals Council includes additional reports from Dr. Forster, dated March 2003 through January 2007. (Tr. 708-18.) These reports were considered by the reviewing court. *Harman*, 211 F.3d at 1179-80. The opinions expressed are consistent with the November 2005 report, which is supported by treatment notes and imaging, that Plaintiff was unable to sustain full time work.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

condition prior to her alleged onset date is not substantial evidence to reject Dr. Forster's treating source opinions based on a seven year treatment history for Plaintiff's combined impairments and comprehensive treatment notes and objective medical evidence. Further, Dr. Bornfleth offered no opinion on Plaintiff's ability to sustain work. In contrast, Dr. Forster assessed Plaintiff based on a treatment history, as well as consideration of effects of her medication regime, her asthma, recurrent respiratory infections, blood pressure, diabetes, depression and weight problems. The ALJ's reasons for disregarding Dr. Forster's well-supported opinions are not legally sufficient.

**C.   Remedy**

There are two remedies where the ALJ fails to provide adequate reasons for rejecting the opinion of treating or examining physicians. The general rule, found in the *Lester* line of cases, is that "we credit that opinion as a matter of law."  *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *Lester,* 81 F.3d at 834; *Smolen,* 80 F.3d at 1291-92; *Pitzer*, 908 F.2d 502, 506 (9th Cir. 1990); *Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). Under the alternate approach found in *McAllister v. Sullivan*, 888 F.2d 599 (9th Cir. 1989), a court may remand to allow the ALJ to provide the requisite specific and legitimate reasons for disregarding the opinion.  *See also Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990) (*citing McAllister*).  The *McAllister* approach appears to be disfavored where the ALJ fails to provide any reasons for discrediting a medical opinion. *See Pitzer*, *supra*; *Winans v. Bowen*, 853 F.2d 643 (9th Cir. 1988).

Case law requires an immediate award of benefits when the ALJ has failed to provide legally sufficient reasons for rejecting a medical opinion, and it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. *Harman*, 211 F.3d at 1178 (*citing Smolen*, 80 F.3d at 1292). Further, when an ALJ's reasons for rejecting the claimant's testimony are legally insufficient, and it is clear from the record that the ALJ would be required to determine the claimant disabled if he had credited the claimant's testimony, the court will remand for calculation of benefits. *Orn*, 495 F.3d at 639; *Smolen*, 80 F.3d at 1292 (court has the discretion to remand for award of benefits); *Lester*, 81 F.3d at 834; *Swenson v. Sullivan,* 876 F.2d 683, 689 (9th Cir. 1989) (crediting claimant testimony and awarding benefits).[3]

Here, the VE testified that if Plaintiff had to lie down four times a day, as opined by Dr. Forster, she would not be able to sustain work. (Tr. 754.) Where the evidence establishes a claimant's inability to sustain gainful employment, a finding of disability is warranted. *Gatliff v. Commissioner of the Social Sec. Admin.*, 172 F.3d 690, 694 (9th Cir. 1999). Thus, crediting Plaintiff's testimony and the opinions of Dr. Forster, a finding of

---

[3] In a recent case, the Ninth Circuit called into question the remand for an immediate award of benefits where the vocational expert had not addressed Plaintiff's ability to work with credited limitations. *Vasquez v. Astrue*, @ 2009 WL1941485 (C.A.9 (Cal.)) However, in the case before this court, the VE testified that with the limitations opined by Dr. Forster, Plaintiff would not be able to sustain work. (Tr. 754.)

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 16

disabled is appropriate, and no purpose would be served by remanding the case for additional proceedings. *Benecke*, 379 F.3d at 595 (remand so Commissioner can decide the issue again creates an unfair system of benefit adjudication); *Reddick*, 157 F.3d at 729-30. Accordingly,

**IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment **(Ct. Rec. 27)** is **GRANTED,** and the case is remanded to the Commissioner for calculation and immediate award of benefits;

2.  Defendant's Motion for Summary Judgment **(Ct. Rec. 30)** is **DENIED;**

3. An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be closed.

DATED August 3, 2009.


                      S/ CYNTHIA IMBROGNO
                  UNITED STATES MAGISTRATE JUDGE